IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **RFC LENDERS OF TEXAS, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**PROGRESSIVE CASUALTY INSURANCE CO.,**<br><br>    **Defendant.** | **CIVIL ACTION NO.: 4:19-cv-727**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

RFC Lenders of Texas, LLC ("RFC" or "Plaintiff") files the following Response ("Response") to Defendant's ("Progressive" or "Defendant") Motion to Dismiss RFC's Complaint for Patent Infringement (the "MTD")(ECF No. 10, filed December 20, 2019); which improperly seeks to dismiss this case under Federal Rule of Civil Procedure 12 ("Rule 12").

The MTD purports to present three reasons for dismissal under Rule 12. MTD, pp. 1-2. One of the purported reasons for dismissal appears to be a misapplication of Rule 12(b)(1), and relevant authority, concerning *subject matter* jurisdiction, to arguments involving *personal* jurisdiction – which should properly be addressed under Rule 12(b)(2). The MTD's Rule 12(b)(1)/12(b)(2) confusion is tied to the Defendant's insistence that its preferred, assumed-name "subsidiary" Progressive Casualty Insurance Co. ("Progressive Casualty") should be the named defendant, rather than The Progressive Corp. *Id*., pp. 2, 15-17.

The Defendant's preference for using its assumed name forms the basis for the MTD's second purported reason for dismissal – improper venue under Rule 12(b)(3). The MTD implicitly admits that – as long as "Progressive Casualty" is the name used for the Defendant, then venue is proper in this District and Division. *Id*., pp. 15-16.

Although RFC's original complaint ("Complaint") properly identifies the Defendant The Progressive Corp., and its assumed name "Progressive Casualty Insurance Co.", the Plaintiff has filed an unopposed motion for leave to file an amended complaint ("Motion for Leave")(ECF No. 14, filed January 14, 2020). That amended complaint ("Amended Complaint")(ECF No. 15, filed January 14, 2020), as its only revision, names Progressive Casualty as the Defendant. In so doing, the Amended Complaint moots the two purported "reasons" referenced above.

The MTD's third purported reason for dismissal concerns the subject matter eligibility of the claims of the patent in suit – U.S. Patent No. 7,430,471 ("'471 Patent"). The MTD fails to support this "reason" with *clear and convincing evidence*, as required, in order to prevail. Also, prevailing authority indicates that there are a number of factors that render this issue premature – and therefore improper – at the Rule 12 stage. Timeliness notwithstanding, the claims of the '471 Patent are directed toward patent eligible subject matter under 35 U.S.C. §101.

The MTD's purported reasons for dismissal are therefore moot, insufficiently supported, and/or improper, and the MTD should therefore be denied in its entirety.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ISSUES**

1. The claims of the patent in suit, U.S. Patent No. 7,430,471 ("the '471 Patent") are directed toward patent eligible subject matter and, furthermore, claim an inventive concept that involves more than performance of well understood, routine, and conventional activities previously known to the industry. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014); *Motio, Inc. v. BSP Software LLC*, 154 F. Supp. 3d 434, 437-440 (E.D. Tex. 2016); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018); *eDekka LLC v. 3Balls.com, Inc.*, 2015 U.S. Dist. LEXIS 125990 at *18-19 (E.D. Tex. 2015). Furthermore, deciding patent-eligible subject matter in the context of a Rule 12 motion is premature, as it requires

determinations of law and fact that are not available to the Court at this point in this litigation. *Slyce Acquisition Inc. v. Syte – Visual Conception Ltd., et al.*, No. 6:19-cv-00257, ECF No. 37 (W.D. Tex. 2020); *accord MyMail, Ltd. v. ooVoo, LLC,* 934 F.3d 1373, 1379 (Fed. Cir. 2019) and *PPS Data, LLC v. Jack Henry & Assocs.,* 404 F. Supp. 3d 1021, 1040 (E.D. Tex. 2019); *see also* Standing Order Regarding Subject Matter Eligibility Contentions, Chief District Judge Rodney Gilstrap (E.D. Tex. 2019), http://www.txed.uscourts.gov/sites/default/files/judgeFiles/ EDTX%20Standing%20Order%20Re%20Subject%20Matter%20Eligibility%20Contentions%20 .pdf (last visited January 16, 2020).

2. The Complaint as originally filed does not fail to meet Rule 12(b)(1) for a lack of subject matter jurisdiction based on a lack of standing. Here, the MTD appears to misapply the Federal Rules of Civil Procedure, and authority governing the application of those rules. The MTD presents authority concerning *subject matter* jurisdiction, under Rule 12(b)(1), in support of the MTD's arguments directed at *personal* jurisdiction, which is properly challenged under Rule 12(b)(2). This Court's subject matter jurisdiction for a patent infringement lawsuit is established by statute. *See* 28 U.S.C. §§ 1331 and 1338(a). Even if the MTD's confusion concerning this well-established fact is overlooked for the sake of argument, the MTD's alleged "Rule 12(b)(1)" basis is the Defendant's own preference for self-identification using an assumed-name "subsidiary" – even though that assumed name, and the Defendant, are already properly identified in the Complaint. Notwithstanding any of this, the filing of Plaintiff's Amended Complaint renders the MTD's attempted "Rule 12(b)(1)" challenge moot.

3. The Complaint as originally filed does not fail to meet Rule 12(b)(3) for improper venue. The Defendant's own admissions in the MTD, coupled with the venue-related allegations made

in the Complaint, establish that venue is proper in this District, and this Division. Nevertheless, this issue has also been rendered moot by the filing of Plaintiff's Amended Complaint.

## I. APPLICABLE LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) provides for dismissal of a case for lack of subject matter jurisdiction when the district court lacks the "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the Court "should consider the jurisdictional attack before addressing any attack on the legal merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a Rule 12(b)(1) motion, a Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

### B. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6).

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

A complaint is required to include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Collins*, 224 F.3d at

498. A motion to dismiss for failure to state a claim *admits the facts alleged in the complaint*, but challenges the plaintiff's right to any relief based on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

In ruling upon a Rule 12(b)(6) motion, *the Court cannot decide disputed fact issues*. The court may grant a motion under Rule 12(b)(6) *only if* it can determine with certainty that *the plaintiff cannot prove facts that would allow the relief sought* in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (emphasis added).

The issue *is not* whether the plaintiff will *ultimately prevail, but whether* the plaintiff can offer evidence to support its claims*. See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**C. Determining Patent Eligibility Under 35 U.S.C. §101 at the Motion to Dismiss Stage.**

Resolving a patent's §101 eligibility is rarely appropriate as a Rule 12(b) motion to dismiss. *See Slyce Acquisition* at p. 8; *accord Motio,* 154 F. Supp. 3d at 436-437; *MyMail,* 934 F.3d at 1379; and *PPS Data*, 404 F. Supp. 3d at 1040; *see also* Standing Order Regarding Subject Matter Eligibility Contentions.

There are a number of factors that militate against §101 eligibility analysis at the motion to dismiss stage. The first such factor is the statutory presumption of validity. Patents granted by the United States Patent and Trademark Office ("USPTO") are presumptively valid. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100 (2011) (citing 35 U.S.C. § 282). The presumption of validity extends to patent eligible subject matter. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019)(citing *Microsoft*, 564 U.S. at 95–96).

Overcoming the presumption of validity in a district court therefore *requires clear and convincing evidence*. *Microsoft*, 564 U.S. at 95. In the context of §101 eligibility, the second step

of *Alice'*s two-step inquiry should be assessed according to the clear and convincing evidence standard. *Berkheimer*, 881 F.3d at 1368. As such, the second step – after accepting all of the complaint's factual allegations as true, and drawing all reasonable inferences in the patentee's favor – the movant must provide *clear and convincing evidence* that the claim limitations are merely "well-understood, routine, [and] conventional activities previously known to the industry." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

Claim construction also militates against §101 eligibility analysis at the motion to dismiss stage. *MyMail,* 934 F.3d at 1379. Although claim construction is not an unconditional prerequisite to validity determination under §101[1], the Federal Circuit *and this Court* have both acknowledged the desirability and frequent necessity of resolving claim construction prior to determine a patent's § 101 eligibility. *MyMail*, 934 F.3d at 1379 (citing *Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012)); *accord Aatrix Software*, 882 F.3d at 1128-1130; see also *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, No. 4:17-CV-860, 2018 WL 5306647, at *6–7 (E.D. Tex. Aug. 29, 2018), *report and recommendation adopted*, No. 4:17-CV-860, 2018 WL 4456820 (E.D. Tex. Sept. 18, 2018).

Fact discovery is another factor that militates against §101 eligibility analysis at the motion to dismiss stage. *Berkheimer*, 881 F.3d at 1369 ("[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination."); *see also Aatrix Software*, 882 F.3d at 1128. Fact discovery can substantively affect a §101 analysis. *See, e.g.*, *PPS Data,* 404 F. Supp. 3d at 1040-1041. This is particularly true for dependent claims. A defendant must provide clear and convincing evidence that each of the asserted dependent claims does not provide an inventive concept, by showing that the

---

[1] *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1349 (Fed. Cir. 2014).

additional limitation(s) of a dependent claim is/are something that is "well-understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367.

### D. Patent Eligibility Under 35 U.S.C. §101.

A two-part test is applied to determine whether patent claims are directed to eligible subject matter. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). First, a court must determine if the claims at issue are "directed to a patent-ineligible concept." *Id.* at 217. If the claims are directed to a patent-ineligible concept, the second step requires a court to "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 78–79 (2012)).

This second step is "a search for an 'inventive concept'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 217–18 (quoting *Mayo*, 566 U.S. at 72–73). The second step is satisfied "when the claim limitations involve more than performance of well understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367.

## II. ARGUMENT

The MTD presents three purported reasons that it asserts support dismissal under Rule 12. One of those "reasons" appears to be a complete misapplication of the Federal Rules of Civil Procedure, and related authority concerning *subject matter* jurisdiction. Notwithstanding this fatal flaw, Plaintiff's Amended Complaint renders that "reason" – and one other – moot. The third reason presented by the MTD – that the claims of the `471 Patent are patent ineligible §101

– is based upon flawed analysis of prevailing authority and the patent claims. More importantly, the MTD fails to provide the necessary *clear and convincing evidence* required to support the relief it seeks.

The MTD fails to properly support the relief it seeks, and should therefore be denied in its entirety.

### A. This Court Does Not Lack Subject Matter Jurisdiction Under Rule 12(b)(1).

When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the jurisdictional attack is addressed before the legal merits. *Ramming*, 281 F.3d at 161. Rule 12(b)(1) provides for dismissal of a case for lack of *subject matter jurisdiction* when the district court lacks the "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In its decision, the Court may consider the complaint supplemented by undisputed facts evidenced in the record. *Lane*, 529 F.3d at 557.

With respect to this issue, the MTD appears to have confused, or conflated, a Rule 12(b)(1) challenge to this Court's *subject matter* jurisdiction with a Rule 12(b)(2) challenge to *personal* jurisdiction.

This Court does not lack the statutory or constitutional power to adjudicate this case. This Court has subject matter jurisdiction over a patent infringement case, as established statutorily by 28 U.S.C. §§ 1331 and 1338(a). There is *nothing* in the authority relied upon in the MTD that contradicts this well-established fact. In what appears to be a fatally flawed confusion of the relevant issue and standards, the authority relied upon in the MTD is directed to *subject matter jurisdiction*, while the arguments presented by the MTD appear to directed to *personal jurisdiction*. *See, e.g.*, MTD at p.2, ¶2.

For this reason alone, the MTD's "Rule 12(b)(1)" challenge should be denied and discarded.

Notwithstanding the MTD's misapplication of authority concerning *subject matter* jurisdiction to *personal* jurisdiction arguments, dismissal under Rule 12(b)(1) is improper.

As of the filing of this Response, Plaintiff's Amended Complaint is still pending. Assuming that: 1) Plaintiff's unopposed Motion for Leave is granted; and 2) the Amended Complaint is entered, then the MTD's purported "Rule 12(b)(1)" challenge is mooted.

Regardless of what basis is considered, dismissal under Rule 12(b)(1) is improper, and should therefore be denied.

**B. Venue Is Proper In This District and Division Under Rule 12(b)(3).**

With respect to its venue challenge under Rule 12(b)(3), the MTD implicitly admits that venue *is* proper in this district and division for Progressive Casualty. MTD at pp. 15-16.

Assuming, again, that: 1) Plaintiff's unopposed Motion for Leave is granted; and 2) the Amended Complaint is entered, then the MTD's Rule 12(b)(3) challenge is mooted.

**C. The MTD Fails to Support Patent Ineligibility Under §101.**

In order to prevail on its 12(b)(6) challenge, the MTD must provide c*lear and convincing evidence* of patent ineligibility under §101. *Microsoft*, 564 U.S. at 95; *Berkheimer*, 881 F.3d at 1368.

The MTD fails to do so.

In an apparent effort to sweep around this requirement, the MTD misapplies authority, mischaracterizes the content and nature of the `471 Patent claims, and offers unsupported conclusory assertions – none of which clear or convincing. The MTD begins its flawed arguments by presenting an incomplete picture of prevailing authority concerning the necessity of claim construction. The MTD does state that claim construction is not an unconditional prerequisite to a §101 determination, but fails to acknowledge that the Federal Circuit *and this Court* have both acknowledged the desirability and frequent necessity of resolving claim

construction prior to determine a patent's § 101 eligibility. *MyMail*, 934 F.3d at 1379 (citing *Bancorp*, 687 F.3d at 1273–74); *Aatrix Software*, 882 F.3d at 1128-1130; *Dynamic Applet Techs.*, 2018 WL 5306647, at *6–7.

The MTD then attempts to mischaracterize the nature and content of the `471 Patent's independent claims 1 and 15 – claiming that they recite only trivial differences. MTD at p. 7. This assertion in the MTD appears to ignore or be unaware of the well-established doctrine of claim differentiation[2], and support for the embodiment of each independent claim in the specification of the `471 Patent.[3] The MTD – in its self-defeating attempt to characterize the differences between these two independent claims as "trivial" – overlooks or fails to realize that those same differences were actually construed by this Court as having differing physical limitations.[4]

This same claim construction order also directly refutes the MTD's assertion that claim construction is not necessary because there are no structural limitations imposed by the claims. MTD at p. 2, n. 2.[5] This same claim construction order also undermines the MTD's conclusory, and circular, assertions that the claims of the`471 Patent are directed to an "abstract idea." *Id.*, at p. 12-13.

The MTD's arguments concerning patent ineligibility under §101 are riddled with errors and mischaracterizations – and fall far short of providing *clear and convincing* evidence, as required in order to prevail.

For this reason, the MTD's requested Rule 12(b)(6) dismissal should be denied.

---

[2] *See, e.g.*, *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1323 (Fed. Cir. 2016); *accord Sol IP, LLC v. AT&T Mobility LLC*, 2019 U.S. Dist. LEXIS 216156, 2019 WL 6878836 at *42 (E.D. Tex. 2019).
[3] *See, e.g.,* `471 Patent (Col. 3, line 5 – Col. 4, line 20).
[4] *Orthosie Systems, LLC v. Actsoft, Inc.*, No. 4:16-cv-00873, ECF No. 58 (E.D. Tex. 2017).
[5] In the matter the cited in the footnote - *Orthosie Systems, LLC v. Fleetmatics USA, LLC* – the litigation was resolved after a claim construction hearing was conducted, but prior to entry of a claim construction order.

### D. Determining Patent Eligibility Under §101 at This Stage is Premature.

There are a variety of factors that also weigh against the MTD's Rule 12(b)(6) challenge – factors that highlight the premature nature of determining patent eligibility under §101 at this time. First, the `471 Patent is entitled to the presumption of validity and, as established above, the MTD has failed to carry its burden of clear and convincing evidence to refute that presumption.

Second, issues of claim construction militate against §101 eligibility analysis at this time. As alluded above, the claims of the `471 Patent have had differing limitations prepared for claim construction over the course of the last several years, and only a single claim construction order has been entered. Unless the Defendant is willing to stipulate – at this time – that it will not want any other terms construed, and will adopt the constructions previously rendered, then it should not be allowed to assert that claim construction will be inconsequential. Even if such conditions were accepted, there is no guarantee at this point in time that different or additional dependent claims will not be asserted against the Defendant. Under this District's P.R. 3-1, the Plaintiff isn't required to make its final designation of each claim in suit that is allegedly infringed until later in the litigation.

This also suggests that fact discovery may be essential in determining patent eligibility. The MTD has failed to show, by clear and convincing evidence, that each of the asserted dependent claims – which are not yet finalized – is something that is "well-understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367.

These factors – alone and in combination – all indicate that §101 patent eligibility analysis is premature in this matter, and therefore improper.

For this reason, also, the MTD's requested Rule 12(b)(6) dismissal should be denied.

### III. CONCLUSION

Proper analysis of the MTD reveals that its purported "reasons" for dismissal under Rule 12 are improper, moot, and/or insufficient. Plaintiff respectfully submits that Defendant has failed to carry its burden of proof in support of the MTD. Plaintiff respectfully requests that this Court DENY the MTD, and enter the proposed Order submitted herewith.

| | |
|---|---|
| January 17, 2020 | Respectfully Submitted, |
| | By: /s/ Ronald W. Burns |
| | Ronald W. Burns |
| | Texas State Bar No. 24031903 |
| | 972-632-9009 |
| | rwb@burnsiplaw.com |
| | RWBurns & Co., PLLC |
| | 5999 Custer Road, Suite 110-507 |
| | Frisco, Texas 75035 |

**ATTORNEY FOR PLAINTIFF**
**RFC LENDERS OF TEXAS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5. As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 17th day of January, 2020.

/s/ Ronald W. Burns
Ronald W. Burns, Esq.