**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **RFC LENDERS OF TEXAS, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 4:19-cv-727** |
| v. | **JURY TRIAL DEMANDED** |
| **PROGRESSIVE CASUALTY INSURANCE CO.,** | |
| **Defendant.** | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
**THE PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

RFC Lenders of Texas, LLC ("RFC" or "Plaintiff") files the following Response ("Response") to Defendant's ("Progressive" or "Defendant") Motion to Dismiss RFC's Amended Complaint for Patent Infringement (the "MTD")(ECF No. 19, filed January 31, 2020. Pursuant to Federal Rule of Civil Procedure 15(a)(3) ("Rule 15(a)(3)"), the MTD was filed late – and should therefore be denied.

RFC's Amended Complaint for Patent Infringement ("Amended Complaint")(ECF No. 15) was filed on January 14, 2020. Under Rule 15(a)(3), Defendant had until January 28, 2020 to file its MTD.

It failed to do so.

Accordingly, the MTD to dismiss should be denied because it was not timely filed.

Additionally, the MTD's purported reasons for dismissal are largely duplicative of those presented in Defendant's original motion to dismiss – and therefore constitute a repetitive waste of judicial resources. To the extent that the MTD presents any novel arguments for dismissal under Rule 12, those arguments are barred under Rule 12(g)(2) because they could have been raised in the Defendant's original motion to dismiss. Any novel arguments presented in the MTD

do not qualify under any of the exceptions to Rule 12(g)(2) – as described in Rule 12(h)(2) – because the MTD is not: a pleading as defined by Rule 7(a); or a motion under Rule 12(c).

As such, the entirety of the MTD is late. To the extent that the MTD presents any actual novel arguments, those are barred under Rule 12(g)(2).

The MTD should therefore be denied in its entirety.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ISSUES

1.      The claims of the patent in suit, U.S. Patent No. 7,430,471 ("the '471 Patent") are directed toward patent eligible subject matter and, furthermore, claim an inventive concept that involves more than performance of well understood, routine, and conventional activities previously known to the industry. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014); *Motio, Inc. v. BSP Software LLC*, 154 F. Supp. 3d 434, 437-440 (E.D. Tex. 2016); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018); *eDekka LLC v. 3Balls.com, Inc.*, 2015 U.S. Dist. LEXIS 125990 at *18-19 (E.D. Tex. 2015). Furthermore, deciding patent-eligible subject matter in the context of a Rule 12 motion is premature, as it requires determinations of law and fact that are not available to the Court at this point in this litigation. *Slyce Acquisition Inc. v. Syte – Visual Conception Ltd., et al.*, No. 6:19-cv-00257, ECF No. 37 (W.D. Tex. 2020); *accord MyMail, Ltd. v. ooVoo, LLC,* 934 F.3d 1373, 1379 (Fed. Cir. 2019) and *PPS Data, LLC v. Jack Henry & Assocs.,* 404 F. Supp. 3d 1021, 1040 (E.D. Tex. 2019); *see also* Standing Order Regarding Subject Matter Eligibility Contentions, Chief District Judge Rodney Gilstrap (E.D. Tex. 2019), http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf (last visited January 16, 2020).

2.     The Complaint as originally filed does not fail to meet the Rule 8 pleading standard under

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## I.   APPLICABLE LEGAL STANDARDS

### A.   Time to Respond to Amended Pleadings Under Rule 15(a)(3).

Any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. FED. R. CIV. P. 15(a)(3).

### B.   Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6).

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

A complaint is required to include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Collins*, 224 F.3d at 498. A motion to dismiss for failure to state a claim *admits the facts alleged in the complaint*, but challenges the plaintiff's right to any relief based on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

In ruling upon a Rule 12(b)(6) motion, *the Court cannot decide disputed fact issues*. The court may grant a motion under Rule 12(b)(6) *only if* it can determine with certainty that *the plaintiff cannot prove facts that would allow the relief sought* in the complaint. *See Hishon v.*

*King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (emphasis added).

The issue *is not* whether the plaintiff will *ultimately prevail, but whether* the plaintiff can offer evidence to support its claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### C.  Determining Patent Eligibility Under 35 U.S.C. §101 at the Motion to Dismiss Stage.

Resolving a patent's §101 eligibility is rarely appropriate as a Rule 12(b) motion to dismiss. *See Slyce Acquisition* at p. 8; *accord Motio,* 154 F. Supp. 3d at 436-437; *MyMail,* 934 F.3d at 1379; and *PPS Data*, 404 F. Supp. 3d at 1040; *see also* <u>Standing Order Regarding Subject Matter Eligibility Contentions</u>.

There are a number of factors that militate against §101 eligibility analysis at the motion to dismiss stage. The first such factor is the statutory presumption of validity. Patents granted by the United States Patent and Trademark Office ("USPTO") are presumptively valid. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100 (2011) (citing 35 U.S.C. § 282). The presumption of validity extends to patent eligible subject matter. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019)(citing *Microsoft*, 564 U.S. at 95–96).

Overcoming the presumption of validity in a district court therefore *requires clear and convincing evidence. Microsoft*, 564 U.S. at 95. In the context of §101 eligibility, the second step of *Alice's* two-step inquiry should be assessed according to the clear and convincing evidence standard. *Berkheimer*, 881 F.3d at 1368. As such, the second step – after accepting all of the complaint's factual allegations as true, and drawing all reasonable inferences in the patentee's favor – the movant must provide *clear and convincing evidence* that the claim limitations are merely "well-understood, routine, [and] conventional activities previously known to the

industry." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

Claim construction also militates against §101 eligibility analysis at the motion to dismiss stage. *MyMail,* 934 F.3d at 1379. Although claim construction is not an unconditional prerequisite to validity determination under §101[1], the Federal Circuit *and this Court* have both acknowledged the desirability and frequent necessity of resolving claim construction prior to determine a patent's § 101 eligibility. *MyMail*, 934 F.3d at 1379 (citing *Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012)); *accord Aatrix Software*, 882 F.3d at 1128-1130; see also *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, No. 4:17-CV-860, 2018 WL 5306647, at *6–7 (E.D. Tex. Aug. 29, 2018), *report and recommendation adopted*, No. 4:17-CV-860, 2018 WL 4456820 (E.D. Tex. Sept. 18, 2018).

Fact discovery is another factor that militates against §101 eligibility analysis at the motion to dismiss stage. *Berkheimer*, 881 F.3d at 1369 ("[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination."); *see also Aatrix Software*, 882 F.3d at 1128. Fact discovery can substantively affect a §101 analysis. *See, e.g.*, *PPS Data,* 404 F. Supp. 3d at 1040-1041. This is particularly true for dependent claims. A defendant must provide clear and convincing evidence that each of the asserted dependent claims does not provide an inventive concept, by showing that the additional limitation(s) of a dependent claim is/are something that is "well-understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367.

### D.  Patent Eligibility Under 35 U.S.C. §101.

A two-part test is applied to determine whether patent claims are directed to eligible subject matter. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). First, a

---

[1] *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1349 (Fed. Cir. 2014).

court must determine if the claims at issue are "directed to a patent-ineligible concept." *Id.* at 217. If the claims are directed to a patent-ineligible concept, the second step requires a court to "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 78–79 (2012)).

This second step is "a search for an 'inventive concept'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 217–18 (quoting *Mayo*, 566 U.S. at 72–73). The second step is satisfied "when the claim limitations involve more than performance of well understood, routine, and conventional activities previously known to the industry." *Berkheimer*, 881 F.3d at 1367.

## II. ARGUMENT

The MTD was filed late, and is therefore barred under Rule 15(a)(3). Under that rule, Defendant had until January 28, 2020 to file its response to the Amended Complaint. It failed to do so.

Furthermore, to the extent that the MTD presents any novel arguments not previously presented in the Defendant's original motion to dismiss, those arguments are barred under Rule 12(g)(2), and not saved by the exceptions under Rule 12(h)(2).

To the extent that any consideration is given to the MTD's late and barred arguments, and any substantive response is merited, Plaintiff herein incorporates by reference its Response to Defendant's Motion to Dismiss RFC's Complaint for Patent Infringement (ECF No. 16, filed January 17, 2020).

## III. CONCLUSION

Defendant's MTD is late filed, improper, and duplicative of its previous motion to dismiss. Plaintiff respectfully requests that this Court DENY the MTD, and enter the proposed Order submitted herewith.

January 31, 2020                                   Respectfully Submitted,

By: /s/ Ronald W. Burns
                                                   Ronald W. Burns
                                                   Texas State Bar No. 24031903
                                                   972-632-9009
                                                   rwb@burnsiplaw.com
                                                   RWBurns & Co., PLLC
                                                   5999 Custer Road, Suite 110-507
                                                   Frisco, Texas 75035

**ATTORNEY FOR PLAINTIFF
RFC LENDERS OF TEXAS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5. As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5. Pursuant to Fed. R. Civ. P. 5 and Local Rule CV-5, all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email, on this the 31st day of January, 2020.

/s/ Ronald W. Burns
                                                   Ronald W. Burns, Esq.